IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK L. FLORENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-215-RAH-CWB |
| | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's *Amended Complaint* (doc. 12) filed on July 24, 2024. For the reasons below, this case will be dismissed.

### Background

This § 1983 action was filed by Derrick L. Florence on April 5, 2024. (Doc. 1.) Plaintiff submitted an *Application To Proceed In District Court Without Prepaying Fees Or Costs* (doc. 9) on July 8, 2024, which was granted by the Court on July 9, 2024 (doc. 10). On that same day, the Court ordered Plaintiff to file an amended complaint (doc. 11), which Plaintiff did on July 24, 2024 (doc. 12). In the Amended Complaint, Plaintiff argues Defendants "criminat[ed] my name appond contraband, known, prostitution activity, criminating my name as I got or had some thing to do with them."[1] (*Id.* at 2–3.)

---

[1] Though hard to discern, Plaintiff's claims sound in state law defamation.

## Discussion

As Plaintiff is entitled to proceed IFP, the Court must conduct a frivolity review.[2] Under 28 U.S.C. § 1915(e)(2)(B), a "district court must dismiss an *in forma pauperis* complaint at any time if it determines that the action 'is frivolous or malicious.'" *Jackson v. Farmers Ins. Group/Fire Ins. Exchange*, 391 F. App'x 854, 856 (11th Cir. 2010) (quoting § 1915(e)(2)(B)(i)). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519 (1972). However, the leniency afforded pro se litigants does not allow the Court to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Although liberally construed, pro se pleadings must still comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

The Court must have subject matter jurisdiction over the action, independent of § 1915. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314–16 (11th Cir. 2002). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted); Fed. R. Civ. P. 12(h)(3).

---

[2] Although Congress used the word "prisoner" in the statute, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *See Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *Holliday v. Sec'y, Fla. Dep't of Corr.*, No. 21-13888, 2022 WL 4127617, at *1 n.1 (11th Cir. Sept. 12, 2022) (citing *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004)).

Therefore, the Court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Id.* (citations omitted).

Plaintiff has not set forth a jurisdictional basis for this matter to proceed in federal court. Plaintiff has not alleged a basis for diversity jurisdiction, and from all that appears, there is no diversity between the parties. *See Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024) ("Pursuant to 28 U.S.C. § 1332(a)(1), a district court has subject matter jurisdiction over a civil action when the action is between citizens of different states and the amount in controversy exceeds $75,000.") (citing 28 U.S.C. § 1332(a)(1)). Plaintiff also pleads no statutory basis under federal law allowing Plaintiff to challenge the Defendants' actions, which sound in a state law claim for defamation. *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001))). His cursory citation to § 1983 is insufficient to invoke the Court's jurisdiction. See *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (declining to address perfunctory and undeveloped arguments made without citation to legal authority).

Additionally, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, separately meriting dismissal under § 1915. To comply with the Federal Rules of Civil Procedure, a plaintiff is required to set forth both a cognizable legal claim and sufficient factual allegations to support the asserted claim, thereby showing that he is plausibly entitled to the relief being sought. Fed.

R. Civ. P. 8(a)(2)-(3). Even though detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009). Moreover, it will not suffice to plead merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007).

Plaintiff alleges that certain rights of his were violated, but these allegations are vague and conclusory. Many facts that would be important to stating a claim, or for the Court to merely understand the nature of Plaintiff's claim, have not been pled. As a result, the Court finds that Plaintiff has not alleged a plausible claim. *Twombly,* 550 U.S. at 557.

Accordingly, and for good cause, it is **ORDERED** that Plaintiff's *Amended Complaint* (doc. 12) is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**DONE** and **ORDERED** on this the 28th day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE